Matter of Reich (2021 NY Slip Op 02803)





Matter of Reich


2021 NY Slip Op 02803


Decided on May 5, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
FRANCESCA E. CONNOLLY, JJ.


2020-07445

[*1]In the Matter of Stephanie G. Reich, admitted as Stephanie Gayle Reich, an attorney and counselor-at-law. (Attorney Registration No. 3907839)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 24, 2001, under the name Stephanie Gayle Reich. By order to show cause dated October 15, 2020, this Court directed the respondent to show cause why discipline should not be imposed upon her pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by two orders of the District of Columbia Court of Appeals filed June 3, 2016, and September 10, 2020, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Sanford Heisler Sharp, LLP, New York, NY (Russell L. Kornblith of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
By order of the District of Columbia Court of Appeals filed June 3, 2016, the respondent was immediately suspended from the practice of law in the District of Columbia. Subsequently, by order filed September 10, 2020, the District of Columbia Court of Appeals suspended the respondent for a period of three years, nunc pro tunc to July 5, 2016, the date the respondent's affidavit of compliance in connection with the June 3, 2016 order was filed.
District of Columbia Proceedings 
The respondent was admitted to practice law in the District of Columbia on June 4, 2001.
In a one-count information dated June 17, 2015, in the Superior Court of the District of Columbia, the respondent was charged with making a false statement to obtain unemployment compensation, in violation of D.C. Code § 51-119(a), a misdemeanor. It was alleged that from approximately September 28, 2010, to November 9, 2010, the respondent knowingly made materially false statements and failed to disclose material facts to the District of Columbia Department of Employment Services (hereinafter DOES) in order to obtain unemployment compensation.
On August 7, 2015, in the Superior Court of the District of Columbia, the respondent's plea of guilty to the single count in the information was accepted, and she was sentenced to incarceration of 60 days, execution of which was suspended, and unsupervised probation for 30 days. Costs in the amount of $50 were assessed.
Based on her conviction of a "serious crime" as defined by rule XI, § 10(b) of the D.C. Bar Rules, by order of the District of Columbia Court of Appeals dated June 3, 2016 (hereinafter the immediate suspension order), the respondent was immediately suspended from the [*2]practice of law in the District of Columbia, and the District of Columbia Board of Professional Responsibility (hereinafter the Board) was directed to institute a formal proceeding to determine the nature of the offense and whether it involved "moral turpitude" within the meaning of D.C. Code § 11-2503(a). A finding of moral turpitude would require striking the respondent's name from the roll of the members of the District of Columbia Bar (see D.C. Code § 11-2503[a]). The respondent filed her affidavit of compliance in connection with the immediate suspension order (hereinafter the section 14[g] affidavit [see rule XI, § 14 of the D.C. Bar Rules]) on July 5, 2016.
On July 22, 2016, the Board referred the respondent's matter to a Hearing Committee to determine whether the respondent's conviction involved moral turpitude on the facts and to make a recommendation as to final discipline. As permitted by D.C. Bar Rules, following negotiation between the Office of Disciplinary Counsel and the respondent, a petition for negotiated discipline dated July 18, 2019 (hereinafter the petition), was submitted to the Board for approval. In the petition, the parties stipulated to, among other things, the following facts:
On November 18, 2008, the respondent applied for unemployment insurance (hereinafter UI) benefits from DOES. DOES approved her request and paid her $379 in benefits per week from November 25, 2008, through November 23, 2010. Beginning in March 2010, the respondent volunteered as Chief of Staff to the mayoral election campaign of Vincent C. Gray. For her efforts on behalf of the campaign, the campaign committee paid the respondent on various occasions between September 21, 2010, and November 12, 2010. For example, the campaign committee paid her $5,000 for "Salary/Stipend" on September 21, 2010, $2,500 for "Consultant" on October 29, 2010, and $8,000 for "Consultant" on November 12, 2010.
On September 28, 2010, the respondent submitted her weekly electronic claim for UI benefits online to DOES, certifying, among other things, that she was not working. At the end of the claim form, the respondent certified that her statements on the form were true and correct, and stated that she understood that the law penalizes false statements to obtain or to increase benefits. Between September 28, 2010, and November 9, 2010, the respondent submitted a total of seven weekly electronic certifications in the above-described manner. Each of the seven certifications was false, in that the respondent claimed that she was not working when, in fact, she was compensated for her work on the Gray campaign.
As a result of the respondent's submissions of false certifications to DOES, she was paid approximately $2,513 in UI benefits and approximately $175 in federal stimulus funds, totaling $2,688, for the period between September 28, 2010, and November 9, 2010. She was not entitled to receive that money because she was employed by the Gray campaign during that period.
Gray won the election and was sworn in as Mayor on January 2, 2011. Later that month, the respondent was appointed Chief of Staff to the Director of DOES, which is part of the Mayor's Executive Office. Thereafter, the respondent became the Chief Operating Officer of DOES. In October 2014, the respondent repaid $2,688 to DOES, representing the funds she received as a result of her seven false certifications. She left DOES in January 2015.
On June 11, 2015, the respondent agreed to plead guilty to one misdemeanor count of making a false statement to obtain unemployment compensation, in violation of D.C. Code § 51-119(a). On August 7, 2015, her plea was accepted by the Hon. William M. Jackson of the Superior Court of the District of Columbia, and she was sentenced to 60 days of incarceration, fully stayed in favor of 30 days of probation, which she successfully completed.
As stated in the petition, the respondent violated the following rules: (1) rule 8.4(b) of the District of Columbia Rules of Professional Conduct (hereinafter RPC) (the respondent committed a criminal act reflecting adversely on her honesty, trustworthiness, or fitness as a lawyer); (2) RPC rule 8.4(c) (the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation); and (3) rule XI, § 10(d) of the D.C. Bar Rules (the respondent was convicted of a serious crime as defined by rule XI, § 10[b] of the D.C. Bar Rules because her offense involved false swearing, misrepresentation, and/or fraud).
Disciplinary Counsel certified in the petition that the respondent's crime could not involve moral turpitude per se because it was a misdemeanor. He further stated that he did not believe there was sufficient evidence to prove moral turpitude on the facts.
Disciplinary Counsel and the respondent agreed on the sanction to be imposed: a three-year suspension without a fitness requirement (that is, the respondent would not have to demonstrate fitness to practice law in order to be reinstated), to run nunc pro tunc from July 5, 2016, the date of the filing of the section 14(g) affidavit.
Following a hearing on February 21, 2020, in a report and recommendation filed April 27, 2020, the Hearing Committee concluded that on the facts presented, the respondent's conviction was not of a crime involving moral turpitude, and recommended that the District of Columbia Court of Appeals approve the petition.
By order filed September 10, 2020, the District of Columbia Court of Appeals adopted the Hearing Committee's recommendation and suspended the respondent from the practice of law in the District of Columbia for three years, nunc pro tunc to July 5, 2016.
New York Proceedings 
By order to show cause dated October 15, 2020, this Court directed the respondent to show cause why discipline should not be imposed upon her pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the immediate suspension order and the September 10, 2020 order of the District of Columbia Court of Appeals, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
In response to this Court's order to show cause, the respondent does not assert any of the defenses enumerated in 22 NYCRR 1240.13(b), and requests that this Court impose the same discipline as was imposed in the District of Columbia, that is, a three-year suspension nunc pro tunc to July 5, 2016. The respondent states that she has never practiced law or held herself out as able to practice law either in New York or the District of Columbia since her admissions in both jurisdictions in 2001. She contends, inter alia, that her misconduct did not involve the practice of law and had no impact on any client. She asserts that she made full restitution and accepted responsibility for her conduct. The same discipline, she contends, would not result in a "grave injustice" and is within the range of sanctions for nonpractice-related misconduct.
Findings and Conclusion 
We find that reciprocal discipline is warranted based on the discipline imposed by the District of Columbia Court of Appeals.
While there are mitigating factors in the respondent's favor, including, among others, her cooperation with the authorities in the District of Columbia, her acceptance of responsibility and payment of restitution, and the fact that her misconduct did not have any client impact, there also are aggravating factors present in this matter. The respondent submitted certifications to a public office falsely representing that she was unemployed during a period that she was receiving compensation for her work on the Gray campaign. Those certifications resulted in her being paid benefits to which she was not entitled. In addition, there is no evidence that she notified this Court, as required by former 22 NYCRR 691.3(e), of the order of the District of Columbia Court of Appeals filed June 3, 2016, immediately suspending the respondent from the practice of law in the District of Columbia.
In view of the foregoing, based on the discipline imposed by the District of Columbia Court of Appeals, we find that reciprocal discipline is warranted, and upon a consideration of the aggravating and mitigating factors, a six-month suspension is warranted.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and CONNOLLY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Stephanie G. Reich, admitted as Stephanie Gayle Reich, is suspended from the practice of law for a period of six months, commencing June 4, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 4, 2021. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted herself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Stephanie G. Reich, admitted as Stephanie Gayle Reich, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Stephanie G. Reich, admitted as Stephanie Gayle [*3]Reich, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Stephanie G. Reich, admitted as Stephanie Gayle Reich, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court